IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| CLOTILDE C. JIMENEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:16-cv-00624 |
| WELLS FARGO BANK, N.A., ET AL., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants Wells Fargo Bank, N.A. and Select Portfolio Servicing Inc.'s Motion to Dismiss.

Plaintiff Clotilde Jimenez's Complaint is construed to allege that Plaintiff rescinded his subject mortgage loan under the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), more than eight years after the loan closed, and that Defendants ignored his rescission by continuing to enforce their rights under the loan documents. Plaintiff claims he was entitled to TILA rescission because he recently learned that various unidentified financial institutions were somehow manipulating the United States currency system and the London Inter Bank Offer Rate ("LIBOR"). Plaintiff alleges neither how this scheme was carried out nor what role, if any, the Defendants played. Based

1

on Defendant's refusal to honor Plaintiff's rescission notice, Plaintiff asserts three claims: (1) Larceny of Real Estate and Filing Fraudulent Mortgage Documents; (2) Remove Cloud of Title/Quiet Title; and (3) Request for Permanent Injunction.

On February 28, 2007, Plaintiff executed an Adjustable Rate Note ("Note") for $348,000 (the "Loan") in favor of Bear Stearns Residential Mortgage Corporation ("Bear Stearns"). Plaintiff secured the Note by executing a deed of trust ("Deed of Trust") concerning certain real property located at 117 Glacier Way, Stafford, VA (the "Property"). The Note was later endorsed in blank and securitized. Wells Fargo is the trustee of the trust that holds the Note, and the assignee for the Deed of Trust. Select Portfolio Servicing Inc. ("SPS") is the servicer of the loan.

On November 5, 2014, Plaintiff filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. In his bankruptcy schedules, Plaintiff stated that the Property was worth $311,017.00 and that Loan's secured lien exceeded the Property's value. Plaintiff did not dispute that the Loan was secured by the Property. Plaintiff also represented that he had no claims concerning the Loan.

On November 26, 2014, Wells Fargo moved for relief from the automatic stay. The Bankruptcy Court granted Wells Fargo's motion:

> [T]he automatic stay imposed by 11 U.S.C Section 362 is modified to permit the movant and its successors and assigns to enforce the lien of its deed of trust as it pertains to the real property located at 117 Glacier Way, Stafford, VA . . . .

Plaintiff appealed the Order Granting Relief from Stay based, in part, on the grounds that Defendants violated the Crime Victims' Rights Act, 18 U.S.C. 3771; committed mortgage fraud; and committed federal "Misprision of Felony."[1] The District Court denied Plaintiff's appeal because Plaintiff offered "no grounds to show that the Bankruptcy's decision was clearly erroneous or contrary to law" and because the Plaintiff received a discharge while the appeal was pending.

Because Plaintiff's schedules stated that the Property was fully encumbered by secured claims; that Plaintiff did not dispute those secured claims; and that Plaintiff had no causes of action concerning the Loan, the Trustee abandoned the Property. Plaintiff received a discharge on February 18, 2015. His case was closed on April 3, 2014.

On September 17, 2015, Plaintiff filed a document captioned, "Rescission of Mortgage Loan Due to 'LIBOR' Banking/Securities Fraud" ("Rescission Notice"). Plaintiff appears to invoke TILA to rescind the Note and Deed of Trust. The Bankruptcy Court refused

---

[1] Plaintiff's Statement of Intention clarifies that alleged mortgage fraud was "LIBOR Mortgage Fraud." Plaintiff never amended his schedules to disclose that he had a civil cause of action based on "LIBOR Mortgage Fraud" or that he disputed the Loan's secured lien.

3

to act on Plaintiff's Rescission Notice because his bankruptcy case closed.

On May 16, 2016, Plaintiff commenced this action in the Circuit Court of Stafford County, Virginia. Lacking specific factual allegations, the Complaint generally complains that various law enforcement agencies should have arrested Defendants for engaging in unspecified criminal conduct. To the extent Plaintiff raises civil issues, it appears he alleges that Defendants wronged him by enforcing the Loan's lien after he filed his Rescission Notice in his bankruptcy case. Plaintiff asserts three claims: Larceny of Real Estate and Filing Fraudulent Mortgage Documents, Remove Cloud of Title/Quiet Title, and Request for Permanent Injunction.

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. See, e.g., Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir. 1979). Generalized, unsupported assertions are insufficient to state a claim.

A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007). A plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). A complaint must contain sufficient evidentiary facts to raise a plausible—as opposed to merely conceivable-inference that the Plaintiff is entitled to relief. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680. Plaintiff must allege enough facts "to raise a right to relief above the speculative level[.]" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 570).

## DISCUSSION

I. **THE COMPLAINT FAILS TO SATISFY THE REQUIREMENTS OF FRCP 8.**

As a threshold matter, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to give a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff claims that he was entitle to rescind the Loan under TILA because he heard that various financial institutions were manipulating the currency system of the United States and the LIBOR. Plaintiff does not allege what role, if

5

any, Defendants played in this scheme. Based on these speculations, Plaintiff claims that he had the right to rescind the Loan more than eight years after it closed and that because Defendants did not honor that rescission, they are liable for his various causes of action. Plaintiff's speculation fails to state a claim on which relief could be had. The shortfalls of his pleading are as follows.

### A. Count I Fails to State a Claim Because Plaintiff Fails to Allege Virginia's *Prima Facie* Elements for Fraud.

Assuming Plaintiff's Count 1 is a fraud claim, it fails because Plaintiff has not pled the *prima facie* elements with the requisite specificity. In Virginia, a Plaintiff must plead six elements to assert an actual fraud claim: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." State Farm Mut. Auto. Ins. Co. v. Remley, 270 Va. 209, 218 (2005) (quoting Prospect Development Co. v. Bershader, 258 Va. 75, 85 (1999)).

A mere run at Virginia's elements is insufficient. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[T]he 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the

6

person making the misrepresentation and what he obtained thereby.'" Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783-84 (4th Cir. 1999) (internal citation omitted). Plaintiff fails to allege facts to support any of the elements of a fraud claim. He does not plead with requisite specificity. Plaintiff does not explain what fraudulent statements were made to him, when those statements were made, or how he detrimentally relied upon those statements.

    **B.    Count II Fails to State a Claim Because Plaintiff Does Not Allege that the Loan Has Been Satisfied, Barring a Quiet Title Claim.**

A plaintiff may only assert a quiet title claim when his legal obligations to a party in interest are satisfied. See, e.g., Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198-99 (4th Cir. 2014) (Plaintiff maintains burden of proof to establish legal title and possession for quiet title action; while predicated on Maryland law, the common law principle upheld within the Fourth Circuit principle is the same). See also Jones v. Fulton Bank, N.A., 565 F. App'x 251, 253 (4th Cir. 2014) ("To assert a claim for quiet title, the plaintiff must allege that he has satisfied his legal obligations to the party in interest and, thus, maintains a superior interest in the property.").

Here, Plaintiff does not allege that the Loan's lien on the Property has been satisfied or released. Because Plaintiff does

7

not allege that the Loan's lien on the Property has been satisfied, his quiet title action fails as a matter of law.

### C. Count III Fails to State a Claim Because Plaintiff Cannot Obtain Civil Declaratory Relief Under Criminal Statutes that Do Not Create a Private Right of Action.

In Count III, Plaintiff makes unsupported claims that Defendants plan to "stalk" him and seeks an order "declaring that Plaintiff immediate [sic] receive all Crime Victim Rights' under Virginia's Constitution and the Virginia Code 19.2-11.01, as well as the Federal Code under 18 U.S.C. 3771." Plaintiff's request for declaratory relief fails as a matter of law because neither Virginia Code § 19.2-11.01 nor 18 U.S.C. § 3771 provides grounds for a civil cause of action. "The rights codified by the CVRA, however, are limited to the criminal justice process; the Act is therefore silent and unconcerned with victims' rights to file civil claims against their assailants." United States v. Moussaoui, 483 F.3d 220, 234-35 (4th Cir. 2007). Plaintiff also fails to identify what part of the Virginia's Constitution that Defendants' allegedly violated or how they committed that violation. Count III fails as a matter of law and should be dismissed.

### II. PLAINTIFF'S PRIOR BANKRUPTCY ACTION DENIES HIM STANDING AND ESTOPS HIM FROM ASSERTING THE CLAIMS AT BAR.

Under the federal Bankruptcy Code, subject to minor exceptions not applicable in the case at bar, a bankruptcy estate

8

includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Fourth Circuit construes bankruptcy estates to include causes of action:

> The meaning of "property of the estate" under the Code has been construed "broadly to encompass all kinds of property, including intangibles." Integrated Solutions, Inc. v. Service Support Specialties, Inc., 124 F.3d 487, 490 (3d Cir. 1997). More specifically, "property of the estate" under § 541(a) has "uniformly been interpreted to include causes of action." Polis v. Getaways, Inc. (In re Polis), 217 F.3d 899, 901 (7th Cir. 2000). "[P]roperty of the estate" also includes "[a]ny interest in property that the estate acquires after the commencement" of a bankruptcy case. 11 U.S.C. § 541(a)(7).

In re Bogdan, 414 F.3d 507, 512 (4th Cir. 2005).

Plaintiff's claims are based on the allegation that the Note and Deed of Trust are void due to the Rescission Notice Plaintiff filed in his bankruptcy case. In turn, the Rescission Notice states that Plaintiff should be able to rescind the Loan because the aforementioned LIBOR scheme. Although Plaintiff did not file the Rescission Notice until after his bankruptcy case was closed, he filed other documents showing that he had notice of his claims when the bankruptcy was pending. For instance, his Statement of Intention, which was filed along with his original schedules, states that Plaintiff intended to keep the Property due to "LIBOR mortgage fraud."

The filing date of Plaintiff's Rescission Notice is

9

irrelevant. Plaintiff's bankruptcy filings demonstrate that he knew the facts that form the basis of his Rescission Notice, and in turn, the claims in the instant action. Plaintiff failed to disclose these claims on his bankruptcy schedules. Because Plaintiff did not disclose these claims, the bankruptcy trustee did not abandon them. Though Plaintiff's bankruptcy case is closed, these claims remain property of the estate, and Plaintiff lacks standing to assert them.

In addition to lacking standing, Plaintiff's failure to disclose these claims in his bankruptcy action means that he is judicially estopped from asserting them here. Judicial estoppel "precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation," and serves to "prevent a party from playing 'fast and loose' with the courts, and to protect the essential integrity of the judicial process." John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 28-29 (4th Cir. 1995) (internal citation omitted).

The Property was Plaintiff's primary asset, and he induced the trustee to abandon it by representing that it was fully encumbered by the Loan and that he had no claims to reduce that encumbrance. As such, Plaintiff's creditors were deprived of the only asset that could have been administered to pay their claims. Plaintiff now seeks to void the very Loan that allowed him to avoid his other creditor's claims. Plaintiff should be estopped

from using the judicial system for obtaining such a windfall.

### III. PLAINTIFF CANNOT RESCIND THE LOAN UNDER TILA BECAUSE DEFENDANTS ARE NOT CREDITORS, THE CLAIM IS TIME BARRED, AND PLAINTIFF HAS NOT TENDERED THE LOAN PROCEEDS.

Each of Plaintiff's claims depend upon the supposition that Defendants improperly tried to enforce the Loan's lien after he rescinded it under TILA. As such, Plaintiff's claims fail because, as a matter of law, he could not, and did not, rescind the Loan pursuant to TILA.

#### A. Defendants are Not Creditors under TILA.

The TILA provision creating a private claim for civil liability reads, in pertinent part, that "any creditor who fails to comply with any requirement imposed under this part . . . with respect to any person is liable to such person." 15 U.S.C. § 1640(a). TILA defines a "creditor" as "a person who both (1) regularly extends . . . consumer credit . . ., and (2) is the person to whom the debt arising from the consumer credit transaction *is initially payable on the face of the evidence of indebtedness.*" 15 U.S.C. § 1602(g) (emphasis added). Within the Fourth Circuit, the term "creditor" is "restrictive and precise, referring only to a person who satisfies *both* requirements." Cetto v. LaSalle Bank Nat'l Ass'n, 518 F.3d 263, 270 (4th Cir. 2008) (emphasis in original). Because a loan servicer is not the person to whom a consumer debt "is initially

11

payable," they are not considered a "creditor" subject to civil liability under TILA. 15 U.S.C. § 1602(g).

Here, the Loan was initially payable to Bear Stearns. Plaintiff alleges that after the Loan was originated by Bear Stearns, it was assigned and securitized and that Wells Fargo is the trustee of the trust that holds the Note. SPS is merely the servicer of the Loan. Because the Loan was not initially payable to Wells Fargo or SPS, neither is a creditor subject to TILA civil liability. Plaintiff's claims, which turn on whether Plaintiff rescinded the Loan under TILA, fail as a matter of law.

To the extent Plaintiff suggests Defendants are liable as assignees of the Note, which SPS is not, his claims still fails as a matter of law. Assignees can only be liable for TILA violations that appear on the "face of the disclosure statement." 15 U.S.C. § 1641(a). Because Plaintiff does not allege that any TILA violations were apparent on the face of the Note or disclosure statement, he has not alleged a claim for assignee liability under TILA. Because his state law claims depend upon an alleged violation of TILA, they fail as a matter of law.

**B. Plaintiff is Time-Barred from Rescinding the Loan.**

Under TILA, a borrower has three years from the date of origination to rescind a loan. 15 U.S.C. § 1635(f). To the extent Plaintiff's claims are based on the allegation that he did not

receive a three-day right to rescission notice, his claims are barred because he did not allege that he gave notice of rescission within three years after the Loan closed. Because Plaintiff does not allege that he gave notice of rescission within three years of his Loan closing in 2007, he is barred from rescinding the Loan under TILA. Because Plaintiff's claim depends on his TILA-based Rescission Notice, it fails as a matter of law and should be dismissed.

### C. Plaintiff Failed to Allege that He Can Tender the Loan Proceeds.

If a plaintiff seeking rescission is "unable to tender the loan proceeds, the remedy of unconditional rescission [i]s inappropriate." Am. Mortgage Network, Inc. v. Shelton, 486 F.3d 815, 821 (4th Cir. 2007). Dismissal is appropriate when a plaintiff's TILA rescission claim does not allege that loan proceeds were tendered. Here, Plaintiff makes no allegation that he is willing or able to tender proceeds.

For the foregoing reasons, Defendants Wells Fargo Bank, N.A. and Select Portfolio Servicing Inc.'s Motion to Dismiss should be granted. An appropriate order shall issue.

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 26, 2016